C. Raymond Adams *et al.* *vs.* Zoning Board of Review of the City of Providence.

JUNE 28, 1956.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for a writ of certiorari brought under general laws 1938, chapter 342, §8, to review a resolution and decision of the zoning board of review of the city of Providence granting the application of Samuel P. Lazarus for an exception under the zoning ordinance of that city to enable him to construct three apartment buildings located in a one-family dwelling district. Pursuant to the writ, the respondent board has certified to us the records of the proceedings relative to such application.

It appears therefrom that after a hearing and receipt of letters from landowners in the district, the board granted the application on certain conditions that have not been questioned in this proceeding. The application for an exception is made under article II, sec. 27, par. 7, subpars. (a) and (b), of the zoning ordinance relating to group housing, which read as follows:

"(a) Land Deemed One Lot—Any parcel of land including any interior streets and recreation areas which are occupied by a group of dwellings designed as a unit may be deemed to be one lot.

(b) Application of Regulations—Where group housing consists of two or more buildings to be constructed

on a plat of ground of at least 40,000 square feet not subdivided into the customary streets and lots, and which will not be so subdivided, or where the existing or contemplated street and lot layout make it impracticable to apply the requirements of this Ordinance to the individual building units in such group housing, the application of such requirements to such group housing may be varied in a manner that will be in harmony with the character of the neighborhood, and that will insure a standard of open space no lower than permitted by this Ordinance and a lot area per family not more than 20% less than so required by this Ordinance in the zone in which the proposed group housing is to be located * * *."

The petitioners claim that the area requirements of this section were not satisfied. The board does not dispute that the area requirement for a one-family dwelling in this district is 6,000 square feet and that 20 per cent less than that permitted in group housing is 4,800 square feet. In fact the board stated in its brief: "In granting the application the Board took cognizance of Section 27, Clause 7 (b) whereby the necessary area per family was reduced from 6000 square feet to 4800 square feet. * * * The total area being 167,782 square feet, this divided by 4800 gives as a quotient 34 lots and 4582 feet remaining." In this situation the case turns upon the construction of the application and the permit to determine how many dwelling units were asked for and how many were granted. The board claims that it was asked to grant and did grant a permit for thirty-four dwelling units. The petitioners claim that the application was for thirty-five dwelling units and the permit was for that number.

Paragraphs 7, 9 and 11 of the application which are set up in the form of question and answer read as follows:

"7. Size of proposed building
   3—2 story buildings comprising a total of 34
   units plus 1 Supt. unit"

"9. Proposed use of premises
Apartment units for 34 families and superintendent"

"11. Number of families for which building is to be arranged
35"

The pertinent parts of the resolution granting the application read: "Resolved: That the Zoning Board of Review does hereby make an exception and grant the application of Samuel P. Lazarus pursuant to the provisions of Paragraph Seven, subdivision b of Section 27 and Sections 91 and 92 of the Zoning Ordinances, for permission to erect three two-story buildings to be used for thirty-four apartment units *in accordance with the application as filed * * *.*" (italics ours)

The plans disclose that there are two areas marked: "Area Proposed For Caretaker's Apt." on "Basement Plan Bldgs A & B," but as nothing was said in the briefs or arguments about there being apartments for two superintendents, we shall treat those two as one. We are satisfied that so treated they at least constitute one apartment or dwelling unit within the contemplation of the ordinance. The above-quoted questions and answers leave no doubt in our minds that the application was for thirty-five apartments or dwelling units. It is equally clear that the application was granted for that number, since it was granted "as filed."

Each of the two buildings showing apartments to be rented also contains in the basement a superintendent's apartment. There is no warrant for calling the basement of a house an accessory building, as argued by the board. In view of our decision that the superintendent's apartment is a dwelling unit, it follows that a unit of this kind requires 4,800 square feet; that such area was not available; and therefore that the permit was improperly issued.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records in the case

which have been certified to this court are ordered sent back to the board with our decision endorsed thereon.

*Edwards & Angell, Edward F. Hindle, Beverly Glenn Long, James F. Bartley,* for petitioners.

*William E. McCabe,* City Solicitor, for respondent.

*Bernard B. Abedon, Walter J. Hennessey,* for applicant.